UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN PATTERSON,

                              Plaintiff,

    -v-                                              6:09-CV-1102

CITY OF UTICA; LINDA FATATA, individually
and in her official capacity as Utica Corporation
Counsel; ROBERT PALMIERI, individually and
in his official capacity as Utica Weed and Seed
Coordinator; LOUIS CAPRI, individually and in
his official capacity as Utica Police Officer;
STEVEN HAUCK, individually and in his official
capacity as Utica Police Officer; and HIRAM
RIOS, individually and in his official capacity as
Utica Police Officer,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

STEPHEN PATTERSON, Pro se
1104 Seymour Avenue
Utica, NY  13501

OFFICE OF CORPORATION COUNSEL        JOHN P. ORILIO, ESQ.
CITY OF UTICA
Attorneys for Defendants
One Kennedy Plaza
Utica, NY  13502


DAVID N. HURD
United States District Judge

**O R D E R**

In accordance with the Mandate issued by the United States Court of Appeals for the Second Circuit, the December 9, 2011, judgment has been vacated.  The Mandate instructed that upon remand it must be determined "whether defendants are affirmatively entitled to summary judgment."  In accordance therewith, the record and submissions have been fully reviewed.  Pursuant to Local Rule 7.1(a)(3), the facts set forth in defendants' statement of material facts (ECF No. 22-1) are deemed admitted in light of plaintiff's failure to specifically controvert any of the facts.[1]

In his complaint, plaintiff asserts eight causes of action.  Generally, plaintiff alleges that defendants conspired to, and intentionally did, take unconstitutional action against plaintiff in an effort to prevent him from engaging in various business ventures in and around Utica, New York.  Plaintiff claims defendants did so in retaliation for his prior extensive civil rights litigation against the City of Utica and because he is African–American.

Plaintiff's allegations of conspiracy, retaliation, and racial discrimination are wholly conclusory and unsupported.  There is nothing in the record from which to infer that any of defendants' actions were motivated by racial animus or were taken in an effort to stifle any of plaintiff's First Amendment rights.  Plaintiff's claims for false arrest, malicious prosecution, and violation of due process are similarly defective as a matter of law.  Indeed, probable cause existed to arrest plaintiff, he was arrested pursuant to a valid warrant, and he was ultimately found guilty on at least one charge.  Finally, all individual defendants are entitled to

---

[1] It is noted that plaintiff was represented by counsel when defendants filed their motion for summary judgment in 2011.  In fact, plaintiff's counsel had requested, and was granted, more than a month extension of time to file a response.  However, no response was ever filed.

qualified immunity as it was objectively reasonable for them to believe they were not violating plaintiff's civil rights by ensuring compliance with City codes, enforcing state criminal law and restraining orders, executing valid warrants, conducting administrative hearings, and/or entering commercial buildings with the consent of the building owners.

In short, defendants have adequately demonstrated their entitlement to summary judgment.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED; and

2. The complaint is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

United States District Judge

Dated:  April 12, 2013
         Utica, New York.